Honorable Edward F. Thicksten State Representative Box 327 Alma, AR 72921
Dear Representative Thicksten:
This letter is written in response to your request for an Official Opinion regarding the City of Alma. You stated Alma is included in the public employees retirement system. You have specifically requested whether state law prohibits a city from withdrawing from the public employee retirement system. If so, whether such an act would be constitutional or in violation of Article 12 of the Arkansas State Constitution.
The controlling law is found at Ark. Stat. Ann. 12-2506 (Repl. 1979 and Cumm. Supp. 1985). Prior to 1981, a municipality could elect to join the state public employee retirement system by a three-fifths vote of the governing body or by a majority vote of the qualified voters of the municipality. 12-2506(C)(a). Furthermore, the municipality could terminate its involvement in the retirement system by a three-fifths vote of the qualified voters of municipality or by a three-fifths vote of the governing body. 12-2506(C)(b).
In 1981, the Arkansas General Assembly amended this law. The Legislature gave municipalities that were a member of the system on March 28, 1981 a chance to withdraw from the system, provided the final vote was certified to the board by July 1, 1981. The effective date of the withdrawal must be before January 1, 1982. In the emergency clause the General Assembly stated:
 It is hereby found and determined by the General Assembly that municipalities of this State are allowed to enter and withdraw at will from the Arkansas Public Employee Retirement System. This is deemed to be contrary to good public policy. [Section 5 of Act 882 of 1981.]
Thus, a city that did not withdraw from the State Retirement System prior to January 1, 1982, must remain a member of that system.
You also questioned whether such an act by the Legislature would be in violation of Article 12 of the Arkansas Constitution. Article 12, 3 of the Arkansas Constitution states:
 The General Assembly shall provide, by general laws, for the organization of cities (which may be classified) and incorporated towns . . .
A municipal corporation has no powers except those expressly conferred or those fairly implied for the attainment of declared purposes. Bain v. Fort Smith Light and Trac. Company, 116 Ark. 125,172 S.W.2d 275 (1916). Since a city is a creature of the State and subject to the power of the Legislature with regards to the organization of the city, it appears reasonable for the Legislature to require the city to either remain in the retirement system ad infinitum or out.
In conclusion if the City of Alma did not withdraw from the system prior to January 1, 1982, it must remain in the system.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Randel K. Miller.